NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES VAN TASSEL; JEREMY
PLANK,

Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

No.   20-35121

D.C. No. 3:15-cv-05508-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 19, 2021
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LYNN,[**] District Judge.

Plaintiffs-Appellants Charles Van Tassel and Jeremy Plank ("Plaintiffs")

sought to certify a class of State Farm insureds in the state of Washington, alleging

that State Farm breached its contracts with the class members and violated state

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

consumer-protection laws by failing to properly compensate class members for "diminished value" damages after auto accidents. The district court denied class certification, and Plaintiffs prevailed on their individual breach-of-contract claims against Defendant-Appellee State Farm after a two-day jury trial. After entry of the final judgment, Plaintiffs appealed the district court's order denying class certification, the order denying Plaintiffs' motion to amend the case schedule, and several orders denying Plaintiffs' motions for reconsideration. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 336 (1980) (holding that denial of class certification is appealable after entry of final judgment); *see also Hall v. City of L.A.*, 697 F.3d 1059, 1070 (9th Cir. 2012) (explaining that other earlier, non-final orders are reviewable after a final judgment).

1.  Plaintiffs primarily challenge the district court's denial of class certification. We review the denial of class certification for abuse of discretion and the district court's underlying factual findings for clear error. *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1132 (9th Cir. 2016) (citation omitted).

Plaintiffs sought to certify a class of State Farm insureds in the state of Washington who purportedly suffered diminished value damages covered under their underinsured motorist policies. To obtain class certification, they were

required to satisfy the four threshold requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)–(4); *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). In addition, because Plaintiffs sought certification pursuant to Rule 23(b)(3), they were required to demonstrate predominance of common questions over individualized ones and superiority of a class action over individual litigation. *See* Fed. R. Civ. P. 23(b)(3); *Castillo v. Bank of Am., NA*, 980 F.3d 723, 730 (9th Cir. 2020). Failure to establish any one of these requirements defeats class certification. *See Castillo*, 980 F.3d at 726–27 (affirming denial of class certification where plaintiff had established commonality and typicality, but not predominance).

The district court did not abuse its discretion in concluding that individualized questions, rather than common questions, predominated. The district court determined that State Farm processed claims on a case-by-case basis depending on the documentation insureds submitted, resulting in a number of individualized questions regarding liability for diminished value damages. This individualized process for identifying and calculating diminished value damages distinguishes Plaintiffs' case from *Moeller v. Farmers Insurance Co. of Washington*, 267 P.3d 998, 1003 (Wash. 2011), in which the insurer took the position that its policy excluded coverage of diminished value across the board, and *Achziger v. IDS Property Casualty Insurance Co.*, 772 F. App'x 416, 418–19 (9th Cir. 2019), in

3

which the insurer conceded at oral argument that it used a universal formula to calculate diminished value damages. Because the district court did not abuse its discretion in determining that Plaintiffs failed to demonstrate predominance, it follows that the district court did not abuse its discretion in denying class certification. *See Castillo*, 980 F.3d at 726–27.

2. Plaintiffs also appeal the district court's order denying Plaintiffs' motion to amend the case schedule. A party seeking modification of a scheduling order must generally show "good cause," *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)), and we review a district court's refusal to modify a scheduling order for abuse of discretion, *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The district court did not abuse its discretion in denying the motion to amend the case schedule, which State Farm opposed, because Plaintiffs failed to establish good cause for delaying the trial. Plaintiffs' reliance on our decision in *Achziger* is misplaced because that case is distinguishable on its facts. *Achziger*, an unpublished memorandum disposition, did not change the applicable law regarding class certification, which Plaintiffs had ample opportunity to brief in the district court. *See* 772 F. App'x at 419.

3. Finally, Plaintiffs appeal the district court's orders denying reconsideration of the class certification issue and the case-schedule issue. We review the district court's denial of a motion to reconsider for abuse of discretion. *See Sch. Dist. No.*

4

*1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993). Because the district court did not abuse its discretion in denying Plaintiffs' motion for class certification and motion to amend the case schedule, the district court did not abuse its discretion by denying Plaintiffs' motions for reconsideration, which essentially presented the same arguments as the initial motions the district court denied. *See id.*

**AFFIRMED.**